**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------ x

THE CONFEDERATION OF NORTH, CENTRAL
AMERICAN AND CARIBBEAN ASSOCIATION
FOOTBALL,

                      Plaintiff,

              - against -

AUSTIN JACK WARNER, THE ESTATE OF
CHARLES BLAZER, ELIZABETH MANZO,
ESQ., Administrator CTA, substituted as parties on
behalf of CHARLES BLAZER,
SPORTVERTISING (NY), SPORTVERTISING
(CAYMAN), EN PASSANT LTD., EN PASSANT
INC., MULTISPORT GAMES DEVELOPMENT
INC.,

                      Defendants.

------------------------------------ x

No. 1:17-CV-02304 (WFK) (SMG)

**ACCEPTANCE OF RULE 68**
**OFFER OF JUDGMENT**

**PLEASE TAKE NOTICE** that the Confederation of North, Central American and Caribbean Association Football ("CONCACAF") as Plaintiff, pursuant to Fed. R. Civ. P. 68, has accepted the attached Offer of Judgment of Defendant the Estate of Charles Blazer, Elizabeth Manzo, Esq., Administrator CTA, substituted in the above-titled action as a defendant in the place of Charles Blazer, Sportvertising (NY), Sportvertising (Cayman), En Passant Ltd., En Passant Inc., and Multisport Games Development, Inc.

Dated: New York, New York
       March 29, 2019

By: _____
John J. Kuster
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
jkuster@sidley.com

*Attorneys for Plaintiff CONCACAF*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
THE CONFEDERATION OF NORTH, CENTRAL
AMERICAN AND CARIBBEAN ASSOCIATION
FOOTBALL,

                      Plaintiff,

            - against -

AUSTIN JACK WARNER, THE ESTATE OF
CHARLES BLAZER, ELIZABETH MANZO,
ESQ., Administrator CTA, substituted as parties on
behalf of CHARLES BLAZER,
SPORTVERTISING (NY), SPORTVERTISING
(CAYMAN), EN PASSANT LTD., EN PASSANT
INC., MULTISPORT GAMES DEVELOPMENT
INC.,

                      Defendants.
------------------------------------x

No. 1:17-CV-02304 (WFK) (SMG)

## OFFER OF JUDGMENT

Pursuant to Fed. R. Civ. P. 68, Defendant the Estate of Charles Blazer, Elizabeth Manzo, Esq., Administrator CTA (together, the "Blazer Estate"), substituted in the above-titled action as a defendant in the place of Charles Blazer, Sportvertising (NY), Sportvertising (Cayman), En Passant Ltd., En Passant Inc., and Multisport Games Development Inc., by and through her attorneys, hereby offers to allow entry of judgment in this lawsuit, as follows:

1. Judgment shall be entered in favor of Plaintiff CONCACAF in the total gross amount of $20,000,000.00, inclusive of any and all compensatory, punitive and/or liquidated damages, interest, reasonable attorneys' fees, costs and expenses incurred in

connection with this lawsuit, to which CONCACAF is allegedly entitled by law (the "Judgment").

2. The Judgment shall be paid by Defendant to CONCACAF pursuant to the Settlement Agreement between the parties, attached hereto as Exhibit 1, and applicable law to the extent assets of the Defendant are available to satisfy the judgment and in the order of payment as set forth in N.J.S.A 3B: 22-2, controlling the Order of Priority of claims where assets of the Estate are insufficient.

3. Plaintiff CONCACAF has accepted this offer as full satisfaction and settlement of all claims that were asserted by it against the Blazer Defendants and the Blazer Estate, on behalf of the Blazer Defendants.

4. The parties respectfully request that the Clerk of the Court enter judgment in accordance with this Offer and Acceptance of Judgment pursuant to Fed. R. Civ. P. 68(a).

Dated: New York, New York
March 29, 2019

By: _____
John J. Kuster
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
jkuster@sidley.com

*Attorneys for Plaintiff CONCACAF*

By: _____
James K. Estabrook, Esq.
Lindabury, McCormick, Estabrook
& Cooper, P.C.
53 Cardinal Drive
Westfield, NJ 07091-2369
Tel: (908) 233-6800
emanzo@lindabury.com

*Attorneys for Administrator CTA of the Estate of Blazer*

# EXHIBIT 1

## MUTUAL SETTLEMENT AGREEMENT AND RELEASE

This Mutual Settlement Agreement and Release (the "Settlement Agreement" or alternatively the "Agreement") is made and entered into this day of 19 March, 2019, by and between the Confederation of North, Central America and Caribbean Association Football ("CONCACAF"), on the one hand, and the Estate of Charles Blazer, Elizabeth Engert Manzo, Esq., of the law firm Lindabury, McCormick, Estabrook and Cooper P.C., whose offices are located at 53 Cardinal Drive, Westfield, New Jersey 07090, solely in her capacity as the appointed Administrator CTA (the "Administrator CTA") of the Estate of Charles Blazer (together, with the Administrator CTA, the "Blazer Estate"), and pursuant to the Judgment of the Superior Court of New Jersey, Chancery Division, Probate Part, Union County, dated February 26, 2019, on behalf of Charles Blazer, Sportvertising (NY), Sportvertising (Cayman), En Passant Inc., En Passant Ltd., and Multisport Games Development Inc. (altogether with the Administrator CTA and the Blazer Estate, the "Blazer Defendants"), on the other (collectively, the "Defendants").

## RECITALS

**WHEREAS**, on April 18, 2017 CONCACAF filed its complaint against the Blazer Defendants and Jack Warner alleging four causes of action – two causes of action for Civil RICO violations; one cause of action for fraud and one cause of action for breach of fiduciary duties – alleging over $20,000,000 in damages subject to treble penalties under 18 U.S.C. § 1964(c), captioned The Confederation of North, Central America and Caribbean Association Football v. Austin Jack Warner, et al., No. 17-cv-02304 (WFK) (SMG) (the "Matter"); and

**WHEREAS**, Blazer admitted in his allocution to the use of shell companies under his sole control and offshore bank accounts in furtherance of his criminal conduct and where at least one of those companies, Sportvertising, was explicitly named in a criminal information in the case captioned United States v. Charles Blazer, No. 13-cr-602 (the "Information"); and

**WHEREAS**, Blazer also solely controlled other shell companies as alleged in the Complaint, namely En Passant Inc., En Passant Ltd., and Multisport Games Development Inc., such that these entities were merely alter egos and shell companies used by Blazer in furtherance of his fraudulent conduct; and

**WHEREAS**, on July 12, 2017 Charles Blazer died; and

**WHEREAS**, on October 7, 2017, the Last Will and Testament of Charles Blazer was lodged with the Union County Surrogate's Court in the State of New Jersey (Docket No. R1279); and

**WHEREAS**, on April 13, 2018 Blazer's sole surviving heirs, his two children, Marci Goldfarb and Jason Blazer disclaimed their role as executors and disclaimed their interest in the Estate of Charles Blazer by filing a verified complaint in the Superior Court of New Jersey, Chancery Division, Probate Part; and

**WHEREAS**, on October 19, 2018 the Guardian ad litem, on behalf of the Blazer Grandchildren, agreed and was granted the right by the Union County Surrogate's Court to disclaim their interest in the Estate of Charles Blazer; and

**WHEREAS**, on July 27, 2018, Blazer's Last Will and Testament was admitted to Probate and the Administrator CTA appointed authorized to act on behalf of Blazer's Estate; and

**WHEREAS**, prior to his death, Charles Blazer pled guilty to and waived any right to an appeal in connection with certain charges identified in the Information, whereby Charles Blazer admitted, among other things, engaging in racketeering conspiracy, money laundering and other fraud and breaches of fiduciary duty through the use of shell companies; and

**WHEREAS**, the Blazer Estate, prior to the date of this Mutual Settlement Agreement and Release, was served with Federal Tax Liens duly filed by the Internal Revenue Service under the Federal Tax Lien Act of 1966 for Charles Blazer's failure to timely file and pay Federal Income Taxes (IRS Form 1040) for tax years 2005 through 2015 in the approximate sum of $18 million inclusive of interest and penalties to the date of those Liens; and

**WHEREAS**, the Blazer Estate is aware that Charles Blazer failed to file and pay Federal Income Taxes (IRS Form 1040) for tax years 2016 and 2017 up to the date of his death on July 12, 2017, whereby there are further undetermined Federal Income Taxes due, including interest and penalties, that will increase the amount of the Liens; and

**WHEREAS**, to the understanding and belief of the Administrator CTA, Charles Blazer failed to file and pay any State Income Taxes in those States in which he was domiciled or realized or earned income for tax years 2005 through the date of his death on July 12, 2017 whereby there are further undetermined State Income Taxes due, including interest and penalties, that will be subject to statutory State Tax Liens; and

**WHEREAS**, the Administrator CTA, after due diligence and research, has determined that all known assets of the Blazer Estate amount to approximately $845,000; and

**WHEREAS**, despite ongoing effort to uncover additional assets of Charles Blazer, the Administrator CTA has determined and is of the opinion that it is unlikely that any additional assets discovered will be sufficient to satisfy the Federal Tax Liens in their entirety or the State Tax Liens in their entirety and therefore any owner priority liens will not be satisfied; and

**WHEREAS**, by Judgment of the Superior Court of New Jersey, Chancery Division, Probate Part, Union County (DKT R1279), dated February 26, 2019, the Blazer Estate was determined to be insolvent; and

**WHEREAS**, the Administrator CTA acknowledging that the Federal Tax Lien is a senior lien on the Estate's assets over all other known creditors of the Estate, including that created by this Mutual Settlement and Release; and

**WHEREAS**, the parties recognize the expense of litigation, and wish to resolve their dispute to avoid further costs associated with litigation, to maximize assets available for the administration of the Blazer Estate;

2

**NOW, THEREFORE**, in consideration of the covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **Consent to Substitution**. The Blazer Estate hereby consents to substitution as a proper party on behalf of the Blazer Defendants in the Matter and agrees to execute and jointly submit the stipulation attached hereto as Exhibit A with the Court presiding over the Matter upon execution of this Settlement Agreement.

2. **Offer of Judgment.** The Blazer Estate hereby consents to judgment in CONCACAF's favor on behalf of the Blazer Defendants in the Matter, and a Confession of Judgment for $20,000,000, excluding attorney's fees which are to be paid by each party, in the form attached hereto as Exhibit B shall be filed with the Court presiding over this Matter upon execution of this Settlement Agreement.

3. **Procedure for Filing Substitution Motion and Offer of Judgment; Conditions Precedent.** The parties agree that CONCACAF shall file in Court a motion to substitute the Blazer Estate as party for the Blazer Defendants pursuant to Fed. R. Civ. P. 25(a) and the Consent to Substitution of Party before the Offer of Judgment. Upon the Court ordering the Substitution, the Offer of Judgment shall be filed with the Court and Clerk by CONCACAF within three (3) business days thereafter. It is expressly understood and agreed by the parties that the Settlement Agreement shall not become effective until the Motion for Substitution is granted and Judgment issued by the Clerk.

4. **General Release by CONCACAF.** Excluding those claims actually asserted by CONCACAF against the Blazer Defendants as set forth in the Complaint in the Action that serve as the basis for the Judgment to be entered in connection with Paragraph 2 above, CONCACAF, on behalf of itself and CONCACAF's successors, assigns, representatives, agents, directors, officers, employees, franchisees and subsidiaries, and any other person or entity claiming by, through, or under any of the foregoing (the "CONCACAF Releasors"), do hereby conditionally and irrevocably release, waive and forever discharge the Blazer Defendants and the Blazer Estate (the "Blazer Released Parties") from any and all claims, demands, damages, judgments, causes of action and liabilities of any nature whatsoever, whether or not known, suspected or claimed, arising directly or indirectly from any act, omission, event or transaction occurring (or any circumstances existing) on or prior to the date of this Agreement, including, without limitation, those arising out of or relating to the Matter. CONCACAF understands that this is a full and final general release of all claims, demands, causes of action and liabilities of any nature whatsoever, whether or not known, suspected or claimed, and whether in contract or tort, that could have been asserted in any legal or equitable proceeding against the Blazer Released Parties. The term "Released Party" of a given entity means (x) such entity and its subsidiaries, affiliates, member associations and franchisees, and (y) in their respective capacities as such, such person's successors, assigns, representatives, agents, directors, officers, employees and equity holders. It is expressly

3

understood, however, that this release does not apply to any obligations the Blazer Defendants, the Blazer Estate or the Administrator CTA has under this Settlement Agreement on and after the Effective Date (as defined herein). For the avoidance of doubt, the CONCACAF Releasors do not release any of Charles Blazers heirs, including but not limited to Marci Blazer or Jason Blazer, to the extent that CONCACAF may have direct claims against them.

5. **General Release by Blazer Defendants.** Blazer Defendants, on behalf of themselves and each of their respective successors, assigns, representatives, agents, directors, officers, employees, and subsidiaries, and any other person or entity claiming by, through, or under any of the foregoing (the "Blazer Releasors"), do hereby conditionally and irrevocably release, waive and forever discharge CONCACAF and the other Released Parties (as defined below) of CONCACAF (each a "CONCACAF Released Party" and, collectively, the "CONCACAF Released Parties") from any and all claims, counterclaims, demands, damages, judgments, causes of action and liabilities of any nature whatsoever, whether or not known, suspected or claimed, arising directly or indirectly from any act, omission, event or transaction occurring (or any circumstances existing) on or prior to the date of this Agreement, including, without limitation, those arising out of or relating to the Matter. The Blazer Releasors understand that this is a full and final general release of all claims, demands, causes of action and liabilities of any nature whatsoever, whether or not known, suspected or claimed, and whether based in contract or tort, that could have been asserted in any legal or equitable proceeding against CONCACAF Released Parties. Without limiting the foregoing, such released claims expressly include any and all claims that any party was fraudulently induced into signing the Settlement Agreement. It is expressly understood, however, that this release does not apply to any obligations CONCACAF has under this Settlement Agreement on and after the Effective Date.

6. **Acknowledgement and Authority**. The parties to this Settlement Agreement acknowledge that each has read this Settlement Agreement, had the opportunity to have this Settlement Agreement reviewed by counsel, and that the execution hereof is not induced by any representation other than as expressly contained herein. The person executing this Settlement Agreement on behalf of CONCACAF has been duly authorized to execute and deliver this Settlement Agreement and that this Settlement Agreement is the legally binding obligation of CONCACAF or if executed by its duly authorized agent, the party on whose behalf the person is executing the Agreement. The Administrator CTA, by Judgment of the Superior Court of New Jersey, Chancery Division, Probate Part, Union County, dated February 26, 2019, has been granted legal capacity to enter into this Mutual Settlement Agreement and Release on behalf of the Defendants. The Blazer Estate agrees to be substituted in as a proper party in the Matter pursuant to Fed. R. Civ. P. 25(a)(1) pursuant to the stipulation attached hereto as Exhibit A, to be filed in the Matter upon execution of this Settlement Agreement.

7. **Effective Date.** This Agreement shall be binding upon execution by both of the Settling Parties, and upon the approval of the Court (the "Effective Date").

8. **Miscellaneous**. This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York, without regard to conflicts of law principles. This Settlement Agreement constitutes the entire agreement between the parties, and supersedes all prior agreements and understandings, both written and oral, with respect to the subject matter of this Settlement Agreement. This Settlement Agreement may only be amended in a writing signed by the parties, and any such amendment must be approved by the CONCACAF Executive Committee.

9. **No Third Party Beneficiaries.** There are no third party beneficiaries of this Settlement Agreement, with the exception of the CONCACAF Released Parties.

10. **Headings.** The headings used in this Settlement Agreement are for convenience only and shall not be used in the interpretation of this Settlement Agreement.

11. **Fees, Costs, and Expenses.** Each party to this Settlement Agreement shall bear its own attorneys' fees, costs and expenses incurred in reaching this Settlement Agreement and in complying with the terms and conditions of this Settlement Agreement.

12. **Counterparts**. This Settlement Agreement may be executed in counterparts and exchanged via electronic mail, each of which shall be deemed an original regardless of the date of its execution and method of delivery. All such counterparts together shall constitute one and the same document.

**IN WITNESS THEREOF**, the parties have executed this Mutual Settlement Agreement and Release as of the date set forth above.

**CONCACAF**

By: *[signature]*
Name: Bill Carvalho

**The Blazer Estate and Administrator CTA on Behalf of Charles Blazer, Sportvertising (NY), Sportvertising (Cayman), En Passant Inc., En Passant Ltd., and Multisport Games Development Inc.**

By: *[signature]* Elizabeth E. Manzo, Administrator CTA
Name: Elizabeth E. Manzo, Administrator CTA

6