UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| THE CONFEDERATION OF NORTH, CENTRAL AMERICAN AND CARIBBEAN ASSOCIATION FOOTBALL, | : : : | No. 1:17-CV-02304 (WFK) (SMG) |
| Plaintiff, | : : : | **DECLARATION OF JOHN J. KUSTER IN SUPPORT OF PLAINTIFF'S INQUEST FOR DAMAGES, ATTORNEY'S FEES, AND PRE- AND POST-JUDGMENT INTEREST** |
| - against - | : : | |
| AUSTIN JACK WARNER, THE ESTATE OF CHARLES BLAZER, ELIZABETH MANZO, ESQ., Administrator CTA, substituted as parties on behalf of CHARLES BLAZER, SPORTVERTISING (NY), SPORTVERTISING (CAYMAN), EN PASSANT LTD., EN PASSANT INC., MULTISPORT GAMES DEVELOPMENT INC., | : : : : : : : : | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I, **JOHN J. KUSTER**, hereby declare pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney admitted to practice in the State of New York and this Court, and I am a partner at the law firm of Sidley Austin LLP ("Sidley Austin"), counsel for Plaintiff the Confederation of North, Central American and Caribbean Association Football ("CONCACAF") in the above-captioned matter. I submit this Declaration with the exhibits attached hereto in Support of Plaintiff's Memorandum of Law in Support of its Inquest for Damages, Attorney's Fees, and Pre- and Post-Judgment Interest to be awarded by the Court as part of the judgment against Defendant Austin "Jack" Warner.

2. Attached hereto as Exhibit A is a true and correct copy of the Information filed in *United States v. Blazer*, No. 13-CR-602 (RJD), dated November 25, 2013.

3. Attached hereto as Exhibit B is a true and correct copy of the Information filed in *United States v. Hawilla*, No. 14-CR-609 (RJD), dated December 12, 2014.

4. Attached hereto as Exhibit C is a true and correct copy of the unsealed Superseding Indictment filed by the United States in *United States of America v. Hawit et al.*, No. 15-CR-252 (PKC).

5. Attached hereto as Exhibit D is a true and correct copy of the transcript of Charles Blazer's guilty plea and allocution dated November 25, 2013 in *United States v. Blazer*, Nos. 13-CR-602, 13-MC-1011 (RJD).

6. Attached hereto as Exhibit E is a true and correct copy of the transcript of Jose Hawilla's guilty plea and allocution dated December 12, 2014 in *United States v. Hawilla*, No. 14-CR-609 (RJD).

## Application for Attorney's Fees

7. In support of CONCACAF's motion for fees, I have prepared, with the assistance of Sidley's accounting staff working at my direction, a compilation of the billing records for this matter for which CONCACAF seeks reimbursement. That compilation of relevant billing records is attached as Exhibit F to this affidavit.

8. The billing records included within Exhibit F were recorded contemporaneously by the attorneys, and paralegals. Sidley attorneys and paralegals must contemporaneously submit descriptions of their work for clients, which are recorded by client matter number. By firm policy, time reports are to be completed on a daily basis, and time diaries are to be submitted on the first business day following the day the time was worked. Work performed for CONCACAF is charged in quarters of an hour.

9. Plaintiffs seek attorney's fees for the time counsel has reasonably expended in connection with this matter. Counsel maintains contemporaneous computerized daily records of time expended in all matters through the use of the Intapp software. This program tracks and organizes time, expenses and other information concerning all matters handled by the firm.

10. The standard rates for the individuals on this matter during the relevant time period at which CONCACAF was billed are attached hereto as Exhibit F. The information in Exhibit F is taken directly from Sidley's billing system. For Sidley's work on this case, each biller must submit a separate time entry for each task he or she completes in a given day. Each discrete row pertains to a separate time entry that an attorney or paralegal submitted into Sidley's time-keeping system. The date the time was recorded is reflected in the Date column of Exhibit F. The name of the attorney or legal assistant who performed the work and submitted the time entry is reflected in the Name column of Exhibit F. The amount of time recorded for the particular task in each time entry is reflected in the Hours column of Exhibit F. The amount charged to CONCACAF for each particular task based on the attorney's or legal assistant's hourly rates is reflected in the Value column of Exhibit F (pursuant to its agreement with CONCACAF, Sidley then discounted the overall fees CONCACAF was charged by a fixed percentage). The narrative each attorney or legal assistant submitted with his or her time entry can be found in the Narrative column of Exhibit F.

11. The attorneys who handled the relevant phases of CONCACAF's litigation against Austin Jack Warner are firm partner John J. Kuster, associates Pouneh Aravand, Patricia Butler, Heidi Savabi, and paralegals William Lee and Henry Thomas, former firm associate Richard Widmann and former paralegal Alex Wickersham. The firm biographies of Mr. Kuster, Ms. Aravand, Ms. Butler and Ms. Savabi are attached as Exhibits G-J. CONCACAF's lead counsel, Mr. Kuster, has practiced law for more than 25 years, and has extensive experience litigating

commercial actions and corporate investigations.  The associates have worked periodically on this matter over the years, including in connection with investigating the facts that support the claims set forth in the Complaint, as well as CONCACAF's damages.  Ms. Aravand is a Yale Law School graduate, and clerked for the Hon. Joan. M. Azrack of this Court.  Ms. Butler is a Benjamin N. Cardozo School of Law graduate, and Ms. Savabi is a graduate of Northwestern School of Law.  Richard Widmann also is a graduate of Northwestern Law School (but no longer is associated with Sidley).

12. Both Sidley's standard hourly rates, as discounted, to CONCACAF for this engagement, are in the heartland of rates charged by similar firms, particularly in similarly complex engagements, in this District and other large cities.  In the National Law Journal's 2017 Billing Survey (attached as Exhibit K), for example, many of Sidley's peer firms based in this District had average partner rates that meet or exceed the rates any Sidley partner charged CONCACAF in this matter.  *See* Exhibit K at 2.  Those firms' average associate rates compare similarly.

13. Sidley's rates are reasonable given the highly complex nature of this matter, and the time and services required.  Jack Warner, alongside Charles Blazer, perpetuated numerous fraudulent schemes for more than a decade against CONCACAF, working in tandem, and, concealing their conduct.  They utilized high ranking positions within CONCACAF, shell entities and used Warner's personal accountant as CONCACAF's auditor to avoid detection for years while they misappropriated millions of dollars from CONCACAF.  Warner and Blazer, in furtherance of their long running schemes were in sole control of many key documents, making it difficult for CONCACAF to uncover the existence of the criminal and civil misconduct, as well

as the extent of damages. It required years for CONCACAF and Sidley to unravel Warner's subterfuge, and to pursue the claims against both Warner and Blazer over the past several years.

14. The total amount billed in Exhibit F reflects the legal services required by CONCACAF to seek justice against its former President, including legal and factual analysis regarding the civil claims set forth in the Complaint; drafting the Complaint to address the complexity of Warner and Blazer's long running misconduct; review of the concurrent criminal proceedings; addressing the international service of process issues regarding serving Jack Warner; research regarding CONCACAF's potential claims against Warner and potential defenses thereto, drafting and submitting numerous motions to the Court, including the substitution of the Blazer Estate as a party, and analyzing the law and facts surrounding CONCACAF's damages calculations and recovery.

15. Sidley has represented CONCACAF for many years and represents CONCACAF in many other matters.

16. Based on Sidley Austin LLP's hourly rates, CONCACAF seeks total reimbursement of $237,992.63 in attorney's fees.

### CONCACAF's Application for Pre-Judgment Interest

17. The damages incurred by CONCACAF as a result of Warner's violations of Civil RICO, breaches of fiduciary duties, and fraud total $21,406,426.29.

18. Should the Court award pre-judgment interest at a 9% simple interest rate, this amount should be calculated from November 10, 2011 to June 24, 2019. CONCACAF recognizes that if its request for treble damages and/or punitive damages is awarded, it may not need the full extent of pre-judgment interest, accruing from the beginning of Warner's schemes and misconduct against CONCACAF in 1994, to which CONCACAF may be entitled in order to fully compensate

5

it for the loss of the time-value of money. Instead of seeking that full amount of pre-judgment interest, in the event the Court awards treble damages (pursuant to 11 U.S.C. § 1964 for Civil RICO violations) or punitive damages in relation to CONCACAF's common law claims, CONCACAF is only seeking pre-judgment interest from November 10, 2011, the end date of Warner and Blazer's last scheme injuring CONCACAF, to June 24, 2019, the date this Court entered judgment in CONCACAF's favor on its Motion for Default.

19. Accordingly, CONCACAF is entitled to an award of interest totaling $14,689,500.25.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on July 3, 2019 in New York, New York

_____
John J. Kuster